# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CLARENCE REDMOND LOGUE, JR., )
)
    Petitioner, )
)
v. )   Case No. CV410-286
)
SHERIFF AL ST. LAWRENCE, et al., )
)
    Respondents. )

## REPORT AND RECOMMENDATION

Clarence Redmond Logue, Jr., has filed what he styles as a "petition for writ of habeas corpus under 28 U.S.C. § 2243," a statute which certainly does not apply here. (Doc. 1.) The 84-page petition, read in its entirety, is a hydra-headed monstrosity. Logue challenges a 2008 Chatham County Superior Court conviction, as well as another criminal trial set for December 13, 2010. (Doc. 1 at 2-3.) In addition, he raises claims relating to his medical care at the Chatham County Detention Center, which he admits he already raised in a companion case, *Logue v. Chatham County Detention Center*, No. CV410-240 (S.D. Ga. filed Oct. 14, 2010). (Doc. 1 at 5.) He names well over 30 respondents. (*Id.* at 1-2.)

To the extent that he re-raises the same allegations already raised in CV410-240, the petition is a 42 U.S.C. § 1983 prisoner conditions complaint and should be **DISMISSED WITHOUT PREJUDICE** as duplicative.[1] The remaining habeas claims concern a Chatham County Superior Court conviction and an ongoing state court criminal case. (Doc. 1 at 3.) In addition to suffering from *severe* defects in pleading,[2] both cases are currently in the midst of state habeas review. His conclusory assertion that state habeas review is "futile" is rejected. Under either 28 U.S.C. §§ 2241 or 2254, the only applicable habeas statutes here, Logue *must* first exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A); *see Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.2004) ("Among the most fundamental common law requirements of §

---

[1] As a general rule, § 1983 addresses prisoner conditions claims, whereas habeas corpus addresses the fact or duration of a prisoner's confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-85 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Logue's prison conditions claims are not cognizable under habeas corpus.

[2] For instance, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, Logue may only name as respondent the person who currently holds him in custody and, depending on the circumstances of the case, the state attorney general, yet Logue names more than 30 different respondents in addition to his actual custodian, Sheriff Al St. Lawrence. (Doc. 1 at 1-2.) In additional Rule 2 violations, he has failed to adhere to the standard form petition and file separate petitions (as required when seeking relief from separate judgments).

2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). He has not done so, so his habeas claims should also be **DISMISSED WITHOUT PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this  20th  day of December, 2010.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

3